# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U.S. BANK N.A., )
)
         Plaintiff, )
vs. )   Case No.: 2:15-cv-01666-GMN-VCF
)
508 BRUNDY ISLAND TRUST, )   **ORDER**
)
         Defendant. )
)

    Pending before the Court is the unopposed Motion for Leave to File an Amended Complaint, (ECF No. 25), filed by Plaintiff U.S. Bank N.A. ("Plaintiff"). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.

**I.**     <u>**BACKGROUND**</u>

    This case arises out of a homeowners' association foreclosure sale conducted pursuant to NRS § 116.3116. Plaintiff asserts a quiet title claim and seeks declaratory and injunctive relief against Defendant 508 Brundy Island Trust, grantee at the HOA sale. (*See* Compl. ¶ 18, ECF No. 1). In the instant Motion, Plaintiff seeks leave to file an amended complaint adding Washburn Creek Association ("HOA") as a defendant to this case. (Mot. to Am. 3:3–7, ECF No. 25).

**II.**     <u>**LEGAL STANDARD**</u>

    Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If the pleading is one to which a responsive pleading is required, the party may also amend within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Once the time period to amend as a matter of course in Rule 15(a)(1) of the Federal Rules of Civil Procedure has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

The Court has reviewed the documents and pleadings on file in this matter and finds that good cause exists to grant Plaintiff's Motion for Leave to File an Amended Complaint. First, Plaintiff has attached the proposed amended complaint in accordance with Local Rule 15-1(a). (*See* Ex. 1 to Mot. to Am., ECF No. 15-1). Second, the Court finds that there is no undue delay, bad faith, or dilatory motive on behalf of Plaintiff in requesting leave to amend its Complaint. Third, amendment would not prejudice the HOA, as the HOA has already participated in mediation with Plaintiff through the Nevada Real Estate Division involving the same claims asserted here. (*See* Mot. to Am. 3:8–15). Therefore, the Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint, (ECF No. 25), is **GRANTED**. Plaintiff shall have fourteen days from the filing date of this Order to file its first amended complaint.

**DATED** this __14__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court