**EDWARD D. BOYACK**
Nevada Bar No. 005229
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BOYACK ORME & ANTHONY**
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117
ted@boyacklaw.com
adam@boyacklaw.com
Ph.: 702.562.3415
Fax.: 702.562.3570
*Attorneys for Defendant*
*Washburn Creek Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR THE CMLTI ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC3,<br><br>Plaintiff,<br><br>vs.<br><br>508 BRUNY ISLAND TRUST; WASHBURN CREEK ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants.<br><br>WASHBURN CREEK ASSOCIATION, a Nevada non-profit corporation,<br><br>Third-Party Plaintiff<br><br>vs.<br><br>ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company.<br><br>Third-Party Defendant | CASE NO. 2:15-cv-01666-GMN-VCF<br><br>**WASHBURN CREEK ASSOCIATION'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT** |

COMES NOW, Defendant, WASHBURN CREEK ASSOCIATION, by and through its counsel of record, Edward D. Boyack, Esq. and Adam J. Breeden, Esq. of the law firm Boyack Orme & Anthony, and hereby moves the Court for Leave to File a Third-Party Complaint Pursuant to Fed. R. Civ. Pro. 14(a)(1).

I. **FACTUAL AND PROCEDURAL HISTORY**

This is an action by Plaintiff, US BANK (hereinafter "Plaintiff") arising from the non-judicial homeowners' association assessment lien foreclosure sale of the real property located at 508 Bruny Island, North Las Vegas, NV 89081 (hereinafter the "Property"). The Plaintiff generally disputes the validity of the sale and seeks to affirm or restore the status of its first deed of trust on the Property.

Defendant WASHBURN CREEK filed its Answer to Plaintiff's Complaint on May 30, 2017 [ECF No. 35]. WASHBURN CREEK has been working diligently to gather and review relevant documents as well as evaluate the nature of Plaintiff's claims against the HOA. As a result of the investigation, WASHBURN CREEK has ascertained that a non-party, Absolute Collection Services, LLC was the entity that performed the collection and foreclosure sale activities of which Plaintiff has complained. Absolute Collection Services, on behalf of WASHBURN CREEK, was the entity that managed and conducted the collections and foreclosure process on the Property.

WASHBURN CREEK seeks leave of the Court to file a third-party complaint against Absolute Collection Services. A copy of the proposed Third-Party Complaint is attached hereto as *Exhibit A*. The nature of the proposed Third-Party Complaint is for breach of contract, contribution and indemnity should a defect in the foreclosure process be found. It is necessary to add Absolute Collection Services to this case in order to apportion liability to them at trial, if any is found.

The Court's Scheduling Plan [ECF No. 23] provides the parties until September 1, 2017 to file motions to amend pleadings or add parties. Thus, WASHBURN CREEK has timely sought this leave to amend.

/ /

/ /

## II. LEGAL ARGUMENT

Pursuant to FRCP 14(a)(1),

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

The Court has the discretion to grant leave to file the third-party complaint. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The Court may grant leave when doing so would not "disadvantage the existing action" or complicate or lengthen the trial. *Id.* The purpose of Rule 14 "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Id.* Courts in the Ninth Circuit have long recognized Rule 14(a) as the proper vehicle through which contribution may be sought against a non-party. *Employers Ins. of Wausau v. Musick, Peeler & Garrett*, 954 F.2d 575, 577 (9th Cir. 1992) (internal citations omitted).

In this present case, WASHBURN CREEK seeks to file a third-party complaint against Absolute Collection Services for indemnity and contribution to the extent of any damages which the Court may find against WASHBURN CREEK arising from Absolute Collection Services' conduct as collection agent acting on behalf of the association. Absolute Collection Services may be secondarily or derivatively liable to WASHBURN CREEK for breach of contract, indemnity, and contribution based on its actions or omissions in the collection and foreclosure process of which Plaintiff complains.

Judicial economy and interest of justice weigh in favor of grant of leave. Allowing WASHBURN CREEK to bring Absolute Collection Services into this action will promote judicial efficiency as it may eliminate the need for WASHBURN CREEK to bring a separate action in the future against Absolute Collection Services. Leave to file the Third-Party

Complaint and add a party is sought within the time contemplated by the Court's Scheduling Plan [ECF No. 23] which provides the parties until September 1, 2017 to file motions to amend pleadings or add parties. Further, Absolute Collection Service's involvement in this litigation as a party may facilitate the discovery of relevant documents as Absolute Collection Services was the entity which handled the foreclosure sale. Absolute Collection Services is integrally involved in the events that led to Plaintiff's lawsuit. WASHBURN CREEK's claims against Absolute Collection Services will not complicate the existing action by Plaintiff.

### III. CONCLUSION

Based on the foregoing, WASHBURN CREEK respectfully asks this Court to grant its Motion for Leave to file its Third-Party Complaint against Absolute Collection Services.

Dated this 8th day of August, 2017:

**BOYACK ORME & ANTHONY**

/s/ Edward D. Boyack

**EDWARD D. BOYACK**
Nevada Bar No. 005229
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117
ted@boyacklaw.com
adam@boyacklaw.com
Ph.: 702.562.3415
Fax.: 702.562.3570
*Attorneys for Washburn Creek Association*

IT IS HEREBY ORDERED that Washburn Creek Association must file the attached Third Party Complaint on or before September 1, 2017.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 8-25-2017

4

**INDEX OF EXHIBITS**

Exhibit A     Washburn Creek Association's Third Party Complaint

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on the 8th day of August, 2017, I served a copy of the foregoing legal document via the method indicated below:

| | |
|---|---|
| X | Pursuant to FRCP 5, by electronically serving all counsel and e-mails registered to this matter on the Court's official ECF/CM case management system. |
| | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person: |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

/s/ Norma Ramirez

BOYACK, ORME & ANTHONY

# EXHIBIT A
# Washburn Creek Association's Third Party Complaint

**EDWARD D. BOYACK**
Nevada Bar No. 005229
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BOYACK ORME & ANTHONY**
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117
ted@boyacklaw.com
adam@boyacklaw.com
Ph.: 702.562.3415
Fax.: 702.562.3570
*Attorneys for Defendant*
*Washburn Creek Association*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR THE CMLTI ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC3,<br><br>Plaintiff,<br><br>vs.<br><br>508 BRUNY ISLAND TRUST; WASHBURN CREEK ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | CASE NO. 2:15-cv-01666-GMN-VCF<br><br>**WASHBURN CREEK ASSOCIATION'S THIRD PARTY COMPLAINT** |
| WASHBURN CREEK ASSOCIATION, a Nevada non-profit corporation,<br><br>Third-Party Plaintiff<br><br>vs.<br><br>ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company.<br><br>Third-Party Defendant | |

## **WASHBURN CREEK ASSOCIATION'S THIRD PARTY COMPLAINT**

NOW COMES the Third-Party Plaintiff, WASHBURN CREEK ASSOCIATION (hereinafter "WASHBURN CREEK"), and files its Third-Party Complaint against Third-Party Defendant ABSOLUTE COLLECTION SERVICES, LLC (hereinafter "ABSOLUTE COLLECTION SERVICES") and alleges as follows:

**GENERAL ALLEGATIONS**

1) That at all times relevant hereto, WASHBURN CREEK was and is a Nevada Domestic Nonprofit Corporation and was and is doing business in Las Vegas, Clark County, Nevada as a community association under NRS Chapter 116.

2) At all times relevant herein, ABSOLUTE COLLECTION SERVICES was and is a domestic limited liability company organized and existing under the laws of the State of Nevada and is and was doing business as a collection agency located in Las Vegas, Clark County, Nevada.

3) WASHBURN CREEK and ABSOLUTE COLLECTION SERVICES entered into one or more agreement(s) ("Collection Agreements") wherein ABSOLUTE COLLECTION SERVICES would properly collect past-due assessments levied against homeowners and perform foreclosure activities on homes within WASHBURN CREEK'S community.

4) ABSOLUTE COLLECTION SERVICES performed collection and foreclosure work with respect to the property commonly known as 508 Bruny Island, North Las Vegas, NV 89081 (hereinafter "Subject Property"), which is located within the WASHBURN CREEK'S community and is the subject of the allegations asserted by Counter-Claimant Bank of New York Mellon, against WASHBURN CREEK.

5) Although WASHBURN CREEK denies the allegations against it, it has been sued in this action on various causes of action which assert that the foreclosure and collection process was incorrect, defective and not proper under the law, all of which were performed by ABSOLUTE COLLECTION SERVICES. Therefore, due to the alleged acts and/or omissions of ABSOLUTE COLLECTION SERVICES, WASHBURN CREEK became a defendant in this action and has had legal action filed against it.

## FIRST CAUSE OF ACTION
(Breach of Contract)

6) WASHBURN CREEK repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

7) WASHBURN CREEK and ABSOLUTE COLLECTION SERVICES entered into a contractual agreement whereby ABSOLUTE COLLECTION SERVICES would properly perform collection and foreclosure activities.

8) ABSOLUTE COLLECTION SERVICES allegedly breached the contractual agreement by failing to perform one or more obligations thereunder when performing its collection and foreclosure activities with respect to the Subject Property.

9) As a direct result of the alleged actions of the ABSOLUTE COLLECTION SERVICES, it has been necessary for WASHBURN CREEK to secure the services of an attorney to prosecute this action and WASHBURN CREEK is therefore entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION
(Contractual/Express Indemnity and Equitable Indemnity)

10) WASHBURN CREEK repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

11) WASHBURN CREEK is informed, believes and thereon alleges that it entered into a written, oral and/or implied collection agreement with ABSOLUTE COLLECTION SERVICES.

12) WASHBURN CREEK denies the allegations against it. However, if the allegations are proven or established, said allegations involve the work and/or were caused by ABSOLUTE COLLECTION SERVICES, arising out of and in connection with ABSOLUTE COLLECTION SERVICES's action regarding the collection and foreclosure process.

13) WASHBURN CREEK contends that it is in no way legally responsible for the events giving rise to the causes of action alleged against it, or legally responsible in any other manner for the damages allegedly sustained by the alleging parties. However, if as a result of the matters alleged in the claims against WASHBURN CREEK, WASHBURN CREEK is held liable for all or any part of the claim or damages asserted against it, ABSOLUTE COLLECTION SERVICES has a contractual and/or equitable duty to indemnify WASHBURN CREEK, and WASHBURN CREEK is entitled to a determination of several liability.

14) As a direct result of the actions of ABSOLUTE COLLECTION SERVICES, it has been necessary for WASHBURN CREEK to secure the services of an attorney to prosecute this action and WASHBURN CREEK is therefore entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

**THIRD CAUSE OF ACTION**
(Contribution)

15) WASHBURN CREEK repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

16) Based upon the alleged acts and/or omissions of ABSOLUTE COLLECTION SERVICES, if a judgment is rendered against WASHBURN CREEK, WASHBURN CREEK is entitled to contribution from ABSOLUTE COLLECTION SERVICES in an amount proportionate to the amount of negligence and/or fault attributable to ABSOLUTE COLLECTION SERVICES.

17) As a direct result of the actions of the ABSOLUTE COLLECTION SERVICES herein, it has been necessary for WASHBURN CREEK to secure the services of an attorney to prosecute this action and WASHBURN CREEK is therefore entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

**WHEREFORE**, Third-Party Plaintiff WASHBURN CREEK prays as follows:

1. That this Court enter judgment against Third-Party Defendant ABSOLUTE COLLECTION SERVICES for damages in an amount to be proven at trial.

2. For an award of pre-judgment and post-judgment interest thereon at the contractual rate or maximum statutory rate from the date said obligation was incurred until fully paid;

3. For any declaratory judgment or supplemental relief related to the Third-Party Complaint;

4. For reasonable attorney's fees and costs of suit incurred; and

5. For such other and further relief as this Court may deem just and proper

Dated this \_\_\_\_ day of August, 2017:

            **BOYACK ORME & ANTHONY**


            **EDWARD D. BOYACK**
            Nevada Bar No. 005229
            **ADAM J. BREEDEN, ESQ.**
            Nevada Bar No. 008768
            7432 W. Sahara Ave., Suite 101
            Las Vegas, NV 89117
            ted@boyacklaw.com
            adam@boyacklaw.com
            Ph.: 702.562.3415
            Fax.: 702.562.3570
            *Attorneys for Washburn Creek Association*