# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR THE CMLT1 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC3,<br><br>        Plaintiff,<br>vs.<br><br>508 BRUNY ISLAND TRUST, *et al.*,<br><br>        Defendants.<br><br>WASHBURN CREEK ASSOCIATION, a Nevada non-profit corporation,<br><br>        Third-Party Plaintiff,<br>vs.<br><br>ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company,<br><br>        Third-Party Defendant. | Case No.: 2:15-cv-01666-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, (ECF No. 44), filed by Defendant Washburn Creek Association ("HOA"). Plaintiff U.S. Bank, N.A. ("Plaintiff") filed a Response, (ECF No. 48), and HOA filed a Reply, (ECF No. 51).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 53), filed by Plaintiff. HOA and Defendant 508 Bruny Island Trust ("Bruny Island") filed Responses, (ECF Nos. 61, 63), and Plaintiff filed Replies, (ECF No. 66, 67).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 54), filed by Bruny Island, to which HOA filed a Joinder, (ECF No. 57). Plaintiff filed a Response,

1 (ECF No. 62), to which Bruny Island did not file a reply. For the reasons discussed herein,

2 HOA's Motion to Dismiss is **GRANTED**, Plaintiff's Motion for Summary Judgment is

3 **DENIED**, and Bruny Island's Motion for Summary Judgment is **GRANTED**.

**I.  BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 508 Bruny Island Avenue, North Las Vegas, Nevada 89081 (the "Property"). (Am. Compl. ¶ 1, ECF No. 27). On December 8, 2006, non-party Queenie Johnson purchased the Property by way of a loan in the amount of $252,000.00 secured by a deed of trust ("DOT") recorded on December 13, 2006. (*Id.* ¶¶ 5, 11–12). The DOT identifies Argent Mortgage Company, LLC ("Argent") as the lender. (*See* DOT, Ex. 2 to Am. Compl., ECF No. 27-2).[1]

On January 10, 2011, HOA, through its agent Third-Party Defendant Absolute Collection Services, LLC ("ASC"), recorded a Notice of Delinquent Assessment against the Property. (*See* Lien Notice, Ex. 3 to Am. Compl., ECF No. 27-3). On April 14, 2011, HOA recorded a Notice of Default and Election to Sell to satisfy the delinquent assessment lien. (*See* Default Notice, Ex. 4 to Am. Compl., ECF No. 27-4). A Notice of Trustee's Sale was recorded against the Property on August 23, 2011, and a non-judicial foreclosure occurred on January 17, 2012, through which Bruny Island acquired its interest in the Property. (Am. Compl. ¶¶ 15–16); (*see* Notice of Sale, Ex. 5 to Am. Compl., ECF No. 27-5). A Trustee's Deed Upon Sale was recorded on January 18, 2012, identifying Bruny Island as the grantee of the Property. (*See* Trustee's Deed, Ex. 6 to Am. Compl., ECF No. 27-6). Argent subsequently assigned its interest in the DOT to Plaintiff which was recorded on June 11, 2012. (*See* Assignment, Ex. 7 to Am. Compl., ECF No. 27-7).

---

[1] As matters of public record, the Court takes judicial notice of the documents attached as exhibits to Plaintiff's Amended Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Plaintiff filed its Amended Complaint on April 26, 2017, asserting the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) quiet title with a requested remedy of declaratory relief against all Defendants; (2) declaratory relief under the Fifth and Fourteenth Amendments against all Defendants; (3) quiet title under the Fifth and Fourteenth Amendments against Bruny Island; and (4) injunctive relief against Bruny Island. (*See* Am. Compl. ¶¶ 67–108).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Rule 56(a)**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. DISCUSSION

In its Motion, HOA seeks dismissal of Plaintiff's quiet title and declaratory relief claims on the basis that they are time-barred or, alternatively, because HOA has disclaimed interest in the Property. (HOA's Mot. to Dismiss ("HOA's MTD") 1:22–25, 7:6–18, ECF No. 44); (*see also* HOA's Resp. 6:21–26, ECF No. 61). Plaintiff and Bruny Island move for summary judgment on Plaintiff's claims for quiet title and declaratory relief. (Pl.'s Mot. Summ. J. ("Pl.'s MSJ") 14:1–11, ECF No. 53); (Bruny Island's Mot. Summ. J. ("Bruny Island's MSJ") 15:12–18, ECF No. 54). The Court first turns to HOA's Motion to Dismiss.

### A. HOA's Motion to Dismiss

HOA argues that Plaintiff's quiet title claim is time-barred pursuant to NRS § 11.190(3)(a) because Plaintiff failed to file its Amended Complaint within the applicable limitations period. (HOA's MTD 6:15–19). HOA further seeks dismissal on the ground that HOA has disclaimed any interest in the Property and is, accordingly, not a necessary party to this action. (*Id.* 7:5–18). The Court need not reach the latter argument because Plaintiff's claims against HOA are time-barred.

In Nevada, an action to quiet title is subject to the five-year limitations period set forth in NRS 11.070. *See U.S. Bank Nat'l Ass'n v. Southern Highlands Cmty. Ass'n*, 2018 WL 3997265, at *2 (D. Nev. Aug. 21, 2018); *see also Scott v. Mortg. Elec. Registration Sys., Inc.*,

605 F. App'x 598, 600 (9th Cir. 2015) ("The statute of limitations for quiet title claims in Nevada is five years."); *Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-00449-JCM-PAL, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *3 (D. Nev. Mar. 31, 2016). Where a quiet title claim arises from a non-judicial foreclosure, the statute of limitations begins to accrue at the time of the foreclosure sale. *See Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3758569, at *2; *Bank of Am., N.A.*, 2017 WL 421652, at *3; *see also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale.").

      Here, Plaintiff's quiet title claim arises from the HOA foreclosure sale and, therefore, a five-year limitations period applies. Plaintiff's Amended Complaint, in which it adds HOA as a party, was filed on April 26, 2017, and the foreclosure sale took place on January 18, 2012. (Am. Compl. ¶ 17). Therefore, Plaintiff's quiet title claim was not filed within the five-year limitations period and is only properly asserted against HOA if the Amended Complaint relates back to the date of the initial filing.

      The Federal Rules of Civil Procedure provide that where an amended complaint changes the party against whom a claim is asserted, the amendment relates back to the date of the initial filing if: (1) the claim arises out of the conduct set forth in the original pleading; (2) the defendant received notice such that it would not be prejudiced; (3) defendant knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements were fulfilled within the time period provided in Rule 4(m) for serving the summons and complaint. *See* Fed. R. Civ. P. 15(c)(1)(C).

      Here, Plaintiff's sole argument for relation back is that its claims asserted in its Amended Complaint concern the same transaction or occurrence set forth in its initial

complaint. Plaintiff has not, however, put forth any argument as to whether HOA was on notice of the filing of the original complaint within the time prescribed by Rule 4(m), or whether HOA knew or should have known the action would be brought against it but for a mistaken identification. Moreover, Plaintiff cannot satisfy the mistaken identification prong as Plaintiff acknowledges in its Response that it deliberately did not name HOA as a party in its initial complaint. (*See* Resp. 12:2–4);[2] *see Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434–35 (9th Cir. 1993) (holding amendment did not relate back where "[t]here was no mistake of identity, but rather a conscious choice of whom to sue.").

Therefore, Plaintiff cannot rely upon Rule 15(c)(1)(C) to establish the timeliness of its claims against HOA. Because the statute of limitations has elapsed with respect to Plaintiff's claims against HOA, the Court grants HOA's Motion to Dismiss.

**B. Motions for Summary Judgment**

Plaintiff and Bruny Island move for summary judgment on Plaintiff's claims for quiet title and declaratory relief. (Pl.'s MSJ 14:1–11, ECF No. 53); (Bruny Island's MSJ 6:15–16, 15:12–18, ECF No. 54). Plaintiff argues that summary judgment is warranted because HOA failed to comply with NRS 116, the sale price was grossly inadequate, and the Ninth Circuit's decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), cert. denied, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017),[3] compels a finding that its DOT survived the sale. (Pl.'s MSJ 8:1–14:11). Bruny Island argues that its title to the Property

---

[2] Plaintiff asserts the "sole reason HOA was not named in the original Complaint was due to the constraints of NRS 38.310 requiring exhaustion of mediation before litigation could commence." (Resp. 12:2–4). While the statute of limitations for any claim submitted to NRED for mediation is tolled until the mediation concludes, *see* NRS § 38.350, Plaintiff does not identify when the mediation concluded or otherwise make any argument to establish that tolling renders its quiet title claim against HOA timely.

[3] In light of the Nevada Supreme Court's ruling in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc), the Court ordered supplemental briefing on "whether a statute that has been found to be facially invalid can be cured by subsequent interpretation by a state supreme court." (Order, ECF No. 71). HOA, Plaintiff, and Bruny Island timely filed their respective supplemental briefs, (ECF Nos. 72, 73, 74).

is protected because it is a bona fide purchaser. (Bruny Island's MSJ 11:4–13:14). Bruny Island further asserts that Plaintiff cannot rely on *Bourne Valley* to establish that the foreclosure was unconstitutional. (*Id.* 13:17–15:11).

The Court first turns to the parties' arguments concerning the applicability of *Bourne Valley* to the instant case.

### i. Constitutionality of the Foreclosure

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the Nevada legislature acted to adversely affect the property interests of mortgage lenders and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

In holding that NRS § 116.3116's opt-in notice scheme is facially unconstitutional, the Ninth Circuit rejected the appellant's argument that NRS § 107.090 should be read into NRS § 116.31168(1) to cure the constitutional deficiency. *Id.* Specifically, the appellant argued that the "incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request." *Id.* The Ninth Circuit, interpreting Nevada law, held that this interpretation "would impermissibly render the express notice provisions of Chapter 116 entirely superfluous." *Id.*

Subsequent to *Bourne Valley*, a court in this District certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendment that took effect on October 1, 2015." *Bank of New York Mellon v. Star Hill Homeowners Ass'n*, No. 2:16-cv-02561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017). On August 2, 2018, the Nevada Supreme Court issued its decision on the certified question in *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018). The Nevada Supreme Court explicitly "decline[d] to follow the majority holding in *Bourne Valley*, 832 F.3d at 1159," and concluded that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 . . . ." *Id.* at 1253. Therefore, "before the October 1, 2015, amendment to NRS 116.31168, the statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Id.*

"[A] State's highest court is the final judicial arbiter of the meaning of state statutes." *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret and, where they see fit, to reinterpret that state's legislation."). Federal courts are bound by its respective circuit courts' interpretations of state law only "in the absence of any subsequent indication from the [state] courts that [the federal] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983); *see also Togill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017) (holding that the Fourth Circuit was bound by the Supreme Court of Virginia's limiting construction of a statute that was previously found to be facially unconstitutional by a federal court). Such rulings may only be reexamined when the "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Rodriguez v. AT&T*

*Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). In determining whether intervening higher authority is "clearly irreconcilable," courts must "look at more than the surface conclusions of the competing authority." *Id.* "Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* (quoting *Gammie*, 335 F.3d at 900).

Here, the Nevada Supreme Court's interpretation of NRS 116.31168's notice provisions is irreconcilable with the Ninth Circuit's prior interpretation. The Ninth Circuit's conclusion that NRS § 116.3116 violated a lenders' due process rights was explicitly premised upon the Ninth Circuit's interpretation of state law. Specifically, the Ninth Circuit concluded the notice provisions of NRS 107.090 are not incorporated into NRS 116.31168. However, because the Nevada Supreme Court has since rejected the Ninth Circuit's interpretation by holding that the notice provisions of NRS 107.090 are incorporated into NRS 116.31168, *Bourne Valley* is no longer controlling authority with respect to § 116.3116's notice provisions.

Accordingly, to the extent Plaintiff seeks to quiet title based upon the Ninth Circuit's holding in *Bourne Valley*, it necessarily fails. The Court thus turns to Plaintiff's remaining arguments in support of its Motion.

### ii. Equitable Grounds for Setting Aside the Sale

The Nevada Supreme Court recently held that the commercial reasonableness standard of Uniform Commercial Code Article 9 does not apply in the context of HOA foreclosure sales of real property. *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 644 (Nev. 2017). The relevant inquiry, rather, is "whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 646. "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud,

unfairness, or oppression." *Id.* at 648. The burden of establishing that a foreclosure sale should be set aside rests with the party challenging the sale. *Id.* at 646.

Here, Plaintiff argues that the sales price was inadequate because the price represented less than 3% of the loan value and less than 5% of the fair market value. (Pl.'s MSJ 11:23–12:6). In addition to inadequacy of price, Plaintiff asserts that unfairness and oppression are established because it is undisputed that "the foreclosure notices impermissibly included amounts for collections fees and costs and did not identify the super-priority portion of the lien." (*Id.* 12:15–18). The Court addresses each argument in turn.

### a. Content of Notices

Plaintiff asserts that because the HOA lien included costs of collection and fees, it violated Nevada law and, therefore, the foreclosure sale was wrongful. (*Id.* 9:20–10:2). The Nevada Supreme Court, however, has expressly rejected the argument that a foreclosure notice that includes fees and costs is evidence, in and of itself, of fraud, unfairness, or oppression. *See S. Capital Pres., LLC v. GSAA Equity Tr. 2006-5*, No. 72461, 414 P.3d 808 (Nev. 2018) ("[A]lthough counsel argued that the notices' inclusion of improperly incurred fees was unfair, there was no actual evidence supporting how inclusion of those fees either misled respondent or otherwise brought about the low sales price."); *see also U.S. Bank Nat'l Ass'n v. Saticoy Bay LLC*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *3 (D. Nev July 2, 2018) (noting that while the "superpriority portion of the HOA's lien for assessment does not include collection fees and foreclosure costs. . . . [Plaintiff] has not plausibly alleged how the inclusion of these costs in the overall lien amount was so unfair that it would justify setting aside the sale.").

Here, Plaintiff has not pointed to any evidence, other than the fact of the inclusion of these costs, to establish fraud, unfairness, or oppression. Accordingly, the Court finds this assertion is insufficient to justify invalidating the sale.

With respect to HOA's failure to specify the super-priority portion of the lien in the foreclosure notice, this, too, is not enough to constitute fraud, unfairness, or oppression. As another court in this District recognized, "[t]he fact that a notice does not identify a superpriority amount is of no consequence because Chapter 116 gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests." *Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 2:17-cv-02808-APG-CWH, 2018 WL 3312969, at *3 (D. Nev. July 5, 2018). The Nevada Supreme Court has also rejected the argument that foreclosure notices must always state the super-priority portion, reasoning, in part, that "[t]he notices went to the homeowner and other junior lienholders, not just [the first deed of trust holder], so it was appropriate to state the total amount of the lien." *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). Therefore, absent additional evidence suggesting fraud, oppression, or unfairness, HOA's failure to explicitly state the super-priority portion of the lien does not justify setting aside the sale. Because Plaintiff has not introduced such evidence or articulated alternative equitable grounds to establish unfairness, the Court finds that summary judgment is warranted in Bruny Island's favor.

### b. Bona Fide Purchaser

Because Plaintiff has failed to raise any genuine issue of material fact with respect to its equitable challenges to the foreclosure sale, the Court need not address whether Bruny Island was a bona fide purchaser for value. *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.4 (Nev. Ct. App. Apr. 17, 2017); *Bank of Am., N.A. v. BTK Props., LLC*, No. 2:16-cv-1558-JCM-PAL, 2018 WL 1073133, at *9 (D. Nev. Feb. 27, 2018).

### iii. HOA's Third-Party Complaint

Because the Court grants HOA's Motion to Dismiss and Bruny Island's Motion for Summary Judgment, the only surviving claims are those asserted in HOA's third-party Complaint against ASC. (*See* HOA's Compl., ECF No. 41). Because HOA's claims arise

under state law and both HOA and ASC are Nevada entities, (*see id.* ¶¶ 1–2, 6–17), there is no independent basis for subject matter jurisdiction.

The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is discretionary. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when the court "has dismissed all claims over which it has original jurisdiction"); *see also Acri v .Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (a district court may exercise its discretion and dismiss state law causes of action under 28 U.S.C. § 1367(c)). Pursuant to this authority, the Court declines to retain jurisdiction over HOA's third-party claims. Accordingly, HOA's third-party Complaint is dismissed without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 44), is **GRANTED**. Plaintiff's claims against HOA for quiet title and declaratory relief are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 53), is **DENIED**.

**IT IS FURTHER ORDERED** that Bruny Island's Motion for Summary Judgment, (ECF No. 54), is **GRANTED.**

**IT IS FURTHER ORDERED** that HOA's third-party Complaint, (ECF No.41), is **DISMISSED without prejudice**.

The Clerk of Court is instructed to close the case and enter judgment accordingly.

**DATED** this __24__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge